NOTE: This is a redacted version to show some key areas. Full document is 65 pages in length and is readily available on internet. This focuses on areas in contention in the appeals process.

BUSINESS AND COMMERCE CODE

TITLE 2. COMPETITION AND TRADE PRACTICES

CHAPTER 17. DECEPTIVE TRADE PRACTICES

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 17.01.  DEFINITIONS.  In this chapter, unless the context requires a different definition,

(1)  "container" includes bale, barrel, bottle, box, cask, keg, and package;  and

(2)  "proprietary mark" includes word, name, symbol, device, and any combination of them in any form or arrangement, used by a person to identify his tangible personal property and distinguish it from the tangible personal property of another.

Acts 1967, 60th Leg., p. 2343, ch. 785, Sec. 1, eff. Sept. 1, 1967.


SUBCHAPTER B. DECEPTIVE ADVERTISING, PACKING, SELLING, AND EXPORTING

Sec. 17.08.  PRIVATE USE OF STATE SEAL.  (a)  In this section:

(1)  "Commercial purpose" means a purpose that is intended to result in a profit or other tangible benefit but does not include:

(A)  official use of the state seal or a representation of the state seal in a state function;

(B)  use of the state seal or a representation of the state seal for a political purpose by an elected official of this state;

(C)  use of the state seal or a representation of the state seal in an encyclopedia, dictionary, book, journal, pamphlet, periodical, magazine, or newspaper incident to a description or history of seals, coats of arms, heraldry, or this state;

(D)  use of the state seal or a representation of the state seal in a library, museum, or educational facility incident to descriptions or exhibits relating to seals, coats of arms, heraldry, or this state;

(2)  a notice to the public, warning that unauthorized use by a person other than the owner is punishable by law, is visibly displayed on the container.

(f)  A person may not:

(1)  remove a shopping cart or laundry cart from the premises or parking area of a retail establishment with intent to temporarily or permanently deprive the owner of the cart or the retailer of possession of the cart;

(2)  remove a shopping cart or laundry cart, without written authorization from the owner of the cart, from the premises or parking area of any retail establishment;

(3)  possess, without the written permission of the owner or retailer in lawful possession of the cart, a shopping cart or laundry cart outside the premises or parking lot of the retailer whose name or mark appears on the cart;  or

(4)  remove, obliterate, or alter a serial number, name, or mark affixed to a shopping cart or laundry cart.

(g)  The requiring, taking, or accepting of a deposit on delivery of a container, shopping cart, or laundry cart is not considered a sale of the container or cart.

(h)  A person who violates this section commits an offense.  An offense under this section is a Class C misdemeanor.  Each violation constitutes a separate offense.

(i)  This section does not apply to the owner of a shopping cart, laundry cart, or container or to a customer or any other person who has written consent from the owner of a shopping cart, laundry cart, or container or from a retailer in lawful possession of the cart or container to remove it from the premises or the parking area of the retail establishment.  For the purposes of this section, the term "written consent" includes tokens and other indicia of consent established by the owner of the carts or the retailer.

Added by Acts 1989, 71st Leg., ch. 724, Sec. 1, eff. Sept. 1, 1989.


SUBCHAPTER E.  DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION

Sec. 17.41.  SHORT TITLE.  This subchapter may be cited as the Deceptive Trade Practices-Consumer Protection Act.

Sec. 17.43.  CUMULATIVE REMEDIES.  The provisions of this subchapter are not exclusive.  The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law;  provided, however, that no recovery shall be permitted under both this subchapter and another law of both damages and penalties for the same act or practice.  A violation of a provision of law other than this subchapter is not in and of itself a violation of this subchapter.  An act or practice that is a violation of a provision of law other than this subchapter may be made the basis of an action under this subchapter if the act or practice is proscribed by a provision of this subchapter or is declared by such other law to be actionable under this subchapter.  The provisions of this subchapter do not in any way preclude other political subdivisions of this state from dealing with deceptive trade practices.

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, Sec. 1, eff. May 21, 1973.  Amended by Acts 1979, 66th Leg., p. 1327, ch. 603, Sec. 1, eff. Aug. 27, 1979;  Acts 1995, 74th Leg., ch. 414, Sec. 1, eff. Sept. 1, 1995.

Sec. 17.44.  CONSTRUCTION AND APPLICATION.  (a)  This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

(b)  Chapter 27, Property Code, prevails over this subchapter to the extent of any conflict.

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, Sec. 1, eff. May 21, 1973.  Amended by Acts 1995, 74th Leg., ch. 414, Sec. 1, eff. Sept. 1, 1995.

Sec. 17.45.  DEFINITIONS.  As used in this subchapter:

(1)  "Goods" means tangible chattels or real property purchased or leased for use.

(2)  "Services" means work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods.

(3)  "Person" means an individual, partnership, corporation, association, or other group, however organized.

(4)  "Consumer" means an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

(5)  "Unconscionable action or course of action" means an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

(6)  "Trade" and "commerce" mean the advertising, offering for sale, sale, lease, or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state.

(7)  "Documentary material" includes the original or a copy of any book, record, report, memorandum, paper, communication, tabulation, map, chart, photograph, mechanical transcription, or other tangible document or recording, wherever situated.

(8)  "Consumer protection division" means the consumer protection division of the attorney general's office.

(9)  "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

(10)  "Business consumer" means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods

or services for commercial or business use.  The term does not include this state or a subdivision or agency of this state.

(11)  "Economic damages" means compensatory damages for pecuniary loss, including costs of repair and replacement.  The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.

(12)  "Residence" means a building:

(A)  that is a single-family house, duplex, triplex, or quadruplex or a unit in a multiunit residential structure in which title to the individual units is transferred to the owners under a condominium or cooperative system;  and

(B)  that is occupied or to be occupied as the consumer's residence.

(13)  "Intentionally" means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the consumer's claim, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.  Intention may be inferred from objective manifestations that indicate that the person acted intentionally or from facts showing that a defendant acted with flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally.

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, Sec. 1, eff. May 21, 1973.  Amended by Acts 1975, 64th Leg., p. 149, ch. 62, Sec. 1, eff. Sept. 1, 1975;  Acts 1977, 65th Leg., p. 600, ch. 216, Sec. 1, eff. May 23, 1977;  Acts 1979, 66th Leg., p. 1327, ch. 603, Sec. 2, eff. Aug. 27, 1979;  Acts 1983, 68th Leg., p. 4943, ch. 883, Sec. 2, 3, eff. Aug. 29, 1983;  Acts 1995, 74th Leg., ch. 414, Sec. 2, eff. Sept. 1, 1995.
Amended by:

Acts 2007, 80th Leg., R.S., Ch. 411 (S.B. 1047), Sec. 1, eff. September 1, 2007.

Sec. 17.46.  DECEPTIVE TRADE PRACTICES UNLAWFUL.  (a)  False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b)  Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(1)  passing off goods or services as those of another;

(2)  causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)  causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(4)  using deceptive representations or designations of geographic origin in connection with goods or services;

(5)  representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(6)  representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

(7)  representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(8)  disparaging the goods, services, or business of another by false or misleading representation of facts;

(9)  advertising goods or services with intent not to sell them as advertised;

(10)  advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity;

(11)  making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

(12)  representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(2)  a failure to disclose information in violation of Section 17.46(b)(24); or

(3)  an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion.

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, Sec. 1, eff. May 21, 1973.  Amended by Acts 1995, 74th Leg., ch. 414, Sec. 4, eff. Sept. 1, 1995;  Acts 2001, 77th Leg., ch. 1229, Sec. 28, eff. June 1, 2002; Acts 2003, 78th Leg., ch. 1276, Sec. 4.001(b), eff. Sept. 1, 2003.
Amended by:
     Acts 2011, 82nd Leg., R.S., Ch. 189 (S.B. 1353), Sec. 1, eff. May 28, 2011.

Sec. 17.50.  RELIEF FOR CONSUMERS.  (a)  A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1)  the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A)  specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B)  relied on by a consumer to the consumer's detriment;

(2)  breach of an express or implied warranty;

(3)  any unconscionable action or course of action by any person; or

(4)  the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

(b)  In a suit filed under this section, each consumer who prevails may obtain:

(1)  the amount of economic damages found by the trier of fact.  If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not